**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4519**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH LAURENCE BONDS, a/k/a Joe, a/k/a Yo Gotti,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cr-00363-JKB-7)

Submitted: January 22, 2019                    Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

David R. Solomon, LAW OFFICE OF DAVID R. SOLOMON, ESQUIRE, Baltimore, Maryland, for Appellant. Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Laurence Bonds appeals the 90-month sentence imposed following his guilty plea to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012). On appeal, Bonds' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's calculation of the Sentencing Guidelines range. Although notified of his right to do so, Bonds has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in Bonds' plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

2

Our review of the Rule 11 colloquy confirms that Bonds knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed. For this reason, and because Bonds' sentence does not exceed the statutory maximum, we conclude that the valid appeal waiver bars any challenge to Bonds' sentence. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Bonds' sentencing claims and any other issues within the compass of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Bonds' valid appeal waiver. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issues not precluded by the appeal waiver. This court requires that counsel inform Bonds, in writing, of the right to petition the Supreme Court of the United States for further review. If Bonds requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bonds.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*